COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Benton and Elder
Argued at Richmond, Virginia


CHARLES EDWARD ANDREWS, A/K/A
 GILBERT ANDREWS
                                        MEMORANDUM OPINION[*] BY
v.          Record No. 0565-94-2         JUDGE LARRY G. ELDER
                                              MAY 9, 1995
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
                   John A. Jamison, Judge Designate


            R. Ted Butler (Ellis & Lowery, P.C., on brief),
            for appellant.

            Michael T. Judge, Assistant Attorney General
            (James S. Gilmore, III, Attorney General, on
            brief), for appellee.


     Charles Edward Andrews (appellant) appeals his conviction

for grand larceny in violation of Code § 18.2-95.  Appellant

contends that the trial court erred in refusing to allow him to

fully exercise his right of cross-examination by requiring co-

defendant's counsel to use a transcript from a preliminary

hearing in order to impeach a prosecution witness.  Because

appellant failed to make a timely objection pursuant to Rule

5A:18, he is procedurally barred from raising this issue on

appeal.  We therefore affirm his conviction.

     Appellant was tried jointly with James Andrews (his

brother), pursuant to Code § 19.2-262.1, for grand larceny.

---

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

During trial, appellant's counsel cross-examined an employee of the convenience store from which the two brothers had taken $542.50 worth of cigarettes. Counsel for James Andrews, after beginning her cross-examination of the same employee asked the employee why she had testified at trial that no person was near the store's lottery stand during the events in question, but at the preliminary hearing had said that she had seen James Andrews standing next to the lottery stand. The Commonwealth's Attorney objected, arguing that since there was no transcript of the preliminary hearing, appellant and his co-defendant were bound by the employee's in-court statement. James Andrews' counsel explained that she was inquiring as to why the employee gave a prior inconsistent statement. The trial court, however, did not permit any impeachment by prior inconsistent testimony, as there was no transcript, and it would not accept an audiotape of the preliminary hearing in lieu of a transcript.

Appellant and James Andrews made separate motions to strike at the conclusion of the Commonwealth's evidence and at the conclusion of the defendants' evidence. The jury found appellant guilty, and the trial court sentenced him to five years in the penitentiary.

We hold that appellant is procedurally barred from raising on appeal the issue of whether his right to cross-examine a witness was violated. Rule 5A:18 states that "[n]o ruling of the trial court . . . will be considered as a basis for reversal

-2-

unless the objection was stated together with the grounds therefor at the time of the ruling." See Martin v. Commonwealth, 13 Va. App. 524, 530, 414 S.E.2d 401, 404 (1992)(en banc). Appellant's counsel did not contemporaneously object to the trial court's ruling on the exclusion of the audiotape testimony.

Appellant cannot rely on any alleged error committed with respect to James Andrews' counsel's cross-examination of the employee. We find nothing to support the notion that any alleged error affecting one co-defendant is automatically "translated" to a co-defendant by virtue of a joint trial. Neither can we find in the record any indication that either counsel informed the trial court at the start of the trial that any objection made by one counsel would be automatically adopted by the other. Appellant's counsel had already completed his cross-examination of the witness before co-defendant's counsel began her separate cross-examination. Because a trial court's ruling may benefit one co-defendant while harming another, appellant's counsel was obligated to contemporaneously alert the trial court that he too objected to the exclusion of the audiotape evidence.

For the forgoing reasons the judgment of the trial court is affirmed.

Affirmed.